UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CR-00011-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DARREN LEE JOY, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the Government's Unopposed Motion for Remote Testimony, (Doc. No. 44), and the Government's Motion for the Court to Conduct *Voir Dire*, (Doc. No. 45). On June 30, 2022, the Court held a status conference, and the Government orally requested that Ms. Maria Hadler be permitted to testify remotely for health and personal reasons. (See also Doc. No. 44). Defendant Darren Lee Joy consented to Ms. Hadler's appearance at trial via live two-way video conference. Accordingly, and for the reasons discussed at the status conference and set forth in the Government's Motion for Remote Testimony, (Doc. No. 44), the Motion is GRANTED.

The Court now turns to the Government's Motion for the Court to Conduct *Voir Dire*, (Doc. No. 45), wherein the Government argues the Court itself should conduct *voir dire*, as supplemented by written questions from the parties, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.[1] It is well settled that courts have "ample discretion in determining how best to conduct the *voir dire*." See Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981);

---

[1] Rule 24(a) provides, in relevant part: "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so…. If the court examines the jurors, it must permit the attorneys for the parties to … submit further questions that the court may ask if it considers them proper." Fed. R. Crim. P. 24(a).

<u>Aldridge v. United States</u>, 283 U.S. 308, 310 (1931).  At this time, however, the Court finds insufficient reason to conduct *voir dire* in a manner different than explained during the status conference on June 30, 2022.  Accordingly, the Court DENIES the Government's Motion for the Court to Conduct *Voir Dire*, (Doc. No. 45), without prejudice.

      IT IS SO ORDERED.

Signed: July 18, 2022

Frank D. Whitney
United States District Judge