UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-11-FDW-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **DARREN LEE JOY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 97].

### I. BACKGROUND

The Defendant was charged with six counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts One through Six), and six counts of failure to file tax returns in violation of 26 U.S.C. § 7203 (Counts Seven through Twelve); the charged offenses cover tax years 2015 through 2020. [Doc. 3: Indictment]. The Indictment alleges that the Defendant "was a United States Citizen and a single individual residing in Charlotte, North Carolina, in the Western District of North Carolina," and that the charged offenses occurred "in the Western District of North Carolina, and elsewhere…." [Id.].

The Defendant initially retained counsel, however, he was permitted to proceed *pro se* following a Faretta[1] hearing. [See Jan. 24, 2022 Minute Entry; March 16, 2022 Minute Entry]. After a jury had been selected and sworn, the Defendant signed a Plea Agreement in which he

---

[1] Faretta v. California, 422 U.S. 806, 834 n.46 (1974).

agreed to plead guilty to Count One in exchange for the Government's dismissal of the remaining counts. [See July 18-19, 2022 Minute Entries; Doc. 54: Plea Agreement]. The Defendant admitted that he is, in fact, guilty as charged in Count One. [Doc. 54 at ¶ 1]. The Plea Agreement sets forth the statutory maximum sentence of five years' imprisonment, a $250,000 fine, or both, and no more than three years' supervised release. [Id. at ¶ 5].

The parties agreed to jointly recommend that: the amount of loss that was known to or reasonably foreseeable by the Defendant was in excess of $250,000; the base offense level is 18; the United States may not acknowledge that the plea is timely for purposes of § 3E1.1(b), if applicable; the parties will not seek any other enhancements or reductions to the offense level; either party may seek a departure or variance from the applicable guideline range. [Id. at ¶ 8].

The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines in determining the sentence; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum for each count; the Court would not be bound by the parties' recommendations or agreements; and Defendant would not be permitted to withdraw his plea as a result of the sentence imposed. [Id. at ¶ 7]. The Defendant agreed to pay "full restitution, regardless of the resulting loss amount, to the Internal Revenue Service," including conduct pertaining to any dismissed counts or uncharged conduct. [Id. at ¶ 10].

The Plea Agreement provides that there is a factual basis for the guilty plea, and that Defendant read and understood the Factual Basis filed with the Plea Agreement, which may be used by the Court, U.S. Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence. [Id. at ¶ 15]. The Plea Agreement further provides that the Factual Basis does not necessarily represent

all conduct relevant to sentencing, and that the Government may submit a Statement of Relevant Conduct to the Probation Office, and present the Court with additional relevant facts for purposes of sentencing. [Id. at ¶ 16].

The Plea Agreement sets forth the rights Defendant was waiving by pleading guilty, including the right: to withdraw the guilty plea once it is accepted; to be tried by a jury; to be assisted by an attorney at trial; to confront and cross-examine witnesses; and not to be compelled to incriminate himself. [Id. at ¶¶ 17-19]. The Plea Agreement acknowledges that Defendant understood his post-conviction and appellate rights, and that he expressly waived the right to contest his conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 20-21]. The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Id. at ¶ 27].

The Factual Basis that the Defendant signed and acknowledged, and which was filed along with the Plea Agreement, provides in relevant part:

> The defendant, **DARREN LEE JOY was a United States citizen and a single individual residing in Charlotte, North Carolina, in the Western District of North Carolina**.
>
> During the calendar year 2015, Defendant **DARREN LEE JOY received taxable income, upon which there was substantial income tax due and owing to the United States of America**. Knowing the foregoing facts and failing to make an income tax return on or before April 18, 2016, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, **DARREN LEE JOY, from on or about January 1, 2015 to on or about December 31, 2015, in the Western District of North Carolina, and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America**, for the calendar year 2015, by committing the following affirmative acts, among others:

3

a. Maintaining on record with his employer, Company A, an IRS Form W-4, dated September 15, 2014, that he previously provided to Company A, falsely stating that he was exempt from all tax and withholding.

   b. Submitting to his employer, Company A, an IRS Form W-4, dated March 4, 2015, falsely stating that he was exempt from all tax and withholding.

**Defendant DARREN LEE JOY acted willfully**.

[Doc. 55 at 1-2] (paragraph numbers omitted; emphasis added). The Court placed the Defendant under oath and conducted a Rule 11 hearing; it found that a factual basis exists and it accepted the Defendant's guilty plea. [July 19, 2022 Minute Entry].

The final revised Presentence Investigation Report (PSR) scored the base offense level as 18 because the Defendant violated 26 U.S.C. § 7201 and he was responsible for more than $250,000 in tax loss. [Doc. 72: PSR at ¶ 27]. Two levels were added because the Defendant willfully obstructed justice by producing false documents and providing materially false information to a judge. [Id. at ¶¶ 24, 31]. No adjustment for acceptance of responsibility was applied because the Defendant had failed to provide the U.S. Probation Office with a specific statement accepting responsibility. [Id. at 25] (the Defendant provided the following statement which the Probation Office found to be insufficient: "Defendant was charged with violating IRS Code 7001 and 7003. Important note: There is no law that makes Defendant Joy, Darren Lee specifically liable for filing income tax. Title 26 is a non positive law. There is no implementing regulation for the imposition of Title 26."). The Defendant had zero criminal history points and a criminal history category of I. [Id. at ¶¶ 43-44]. This resulted in a guideline range of between 33 and 41 months' imprisonment and up to three years of supervised release. [Id. at ¶¶ 64-65].

At the time of sentencing, the Court granted the Defendant a two-level reduction in the offense level for his acceptance of responsibility, which resulted in a total offense level of 18. [See

Doc. 85: SOR]. However, it granted the Government's request to vary upward based on the Defendant's serious conduct and sentenced the Defendant to 36 months' imprisonment followed by two years of supervised release. [Id.; Doc. 84: Judgment; see Doc. 74: USA Sentencing Memo.]. The Judgment was entered on May 26, 2023. [Doc. 84]. The Defendant's appeal was dismissed for lack of prosecution on November 13, 2023, Fourth Cir. Case No. 23-4408. [See Doc. 92]. On January 22, 2024, the Court reduced the Defendant's sentence to 28 months' imprisonment pursuant to Amendment 821 of the United States Sentencing Guidelines. [Doc. 95].

The Defendant filed the instant § 2255 Motion to Vacate on May 23, 2024.[2] [Doc. 97]. He appears to argue that: (1) the Court lacks territorial jurisdiction over his case and his conviction is unconstitutional because his home and work addresses at the relevant times were in North Carolina rather than on "land ceded to the Federal Government;" (2) there is an "Indictment/Sentence Variance – Constitutional Violation" because United States Code Title 26 contains subtitles, and because Title 27 Sections 7201 and 7203 address "intoxicating liquors" rather than income taxes; (3) "There is No law or statute that makes … Darren-lee:joy- a natural man or the Darren Lee Joy Trust liable to file or pay income tax…;" and (4) the Sixteenth Amendment was never ratified, so the income tax code is unconstitutional. [Id. at 1-8]. He contends that he did not raise these claims previously because they are "newly discovered information." [Id. at 9]. He asks the Court to: "[v]acate sentence, vacate indictment, expunge criminal record & transfer all funds from sale or bid bond, performance bond & judgment in favor of United States bond to movant in the form of a cashiers check. Publish formal apology on U.S. website." [Id. at 12]. He has signed the Motion to Vacate "Darren-Lee: Joy-Authorized Rep./Agent for Darren Lee Joy-Trust." [Id. at 12]. The Court concludes that this matter can be resolved without requiring a response from the United

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

States.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## II. DISCUSSION

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010) (quoting United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004)); see Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). The "guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, a defendant who has pled guilty "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea," Bundy, 392 F.3d at 644-45, or the government's "power to bring any indictment at all," United States v. Broce, 488 U.S. 563, 575 (1989). A guilty plea also waives claims of ineffective assistance of counsel that preceded it,

6

save for "attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Blackledge, 417 U.S. at 29-30.

Here, the Defendant pleaded guilty to Count One and acknowledged that he is guilty of that offense as charged. In doing so, he acknowledged all the elements of the offense, including that he is a United States citizen who owed federal income tax, that the offense occurred in the Western District of North Carolina, and that he acted knowingly. [See Docs. 54, 55; July 19, 2022 Minute Entry; see Docs. 3, 54, 55]. He also specifically waived his right to challenge claims on post-conviction relief other than prosecutorial misconduct and ineffective assistance of counsel. [Doc. 54]. The Defendant does not presently challenge the voluntariness of the plea, nor could he based on the foregoing. He also does not raise any claims of prosecutorial misconduct or ineffective assistance of counsel.[3] [Doc. 97]. Accordingly, his present claims were waived by his knowing and voluntary guilty plea and its express post-conviction waiver.[4] These claims are also conclusively refuted by the record and are frivolous.

The Defendant contends that: the Court lacked jurisdiction to convict him because North Carolina is not part of the United States; 26 U.S.C. § 7201 was not the statute under which he was charged or addresses something other than income taxes; he is not required to pay income taxes; and the tax code is unconstitutional. These claims are based on legal theories that are typically espoused by "sovereign citizens," a "loosely affiliated group who believe that the state and federal

---

[3] The Defendant is precluded from claiming ineffective assistance of counsel because he chose to represent himself in the criminal proceeding. See Faretta, 422 U.S. at 835 n.46 ("whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'").

[4] The Defendant's claims also appear to be barred by procedural default, however, the Court chooses not to address this issue *sua sponte*.

7

Case 3:22-cr-00011-FDW-DCK  Document 99  Filed 05/31/24  Page 7 of 9

governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). Such sovereign citizen claims lack merit and are frivolous. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily ..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous").

Defendants receive limited opportunities to seek post-conviction review. The Defendant has wasted one of these opportunities by presenting these frivolous claims and invalid legal theories that provide no basis for relief whatsoever. Accordingly, the Motion to Vacate will be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's § 2255 Motion to Vacate is dismissed and denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 97] is **DISMISSED WITH PREJUDICE AND DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28

U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 31, 2024

_____
Frank D. Whitney
United States District Judge